Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio



# MEMORANDUM OPINION

No. 04-08-00168-CV

Paul M. **VON BECK-LUTES**,
Appellant

v.

Manfred **ARNING** and Gabriele Arning,
Appellees

From the 37th Judicial District Court, Bexar County, Texas
Trial Court No. 2006-CI-00776
Honorable Barbara Hanson Nellermoe, Judge Presiding

PER CURIAM

Sitting:      Sandee Bryan Marion, Justice
                Phylis J. Speedlin, Justice
                Rebecca Simmons, Justice

Delivered and Filed:   November 12, 2008

DISMISSED FOR WANT OF JURISDICTION

On September 10, 2008, this court ordered appellant to show cause in writing (1) why this appeal should not be dismissed for lack of jurisdiction and (2) why damages should not be awarded to appellees based on the filing of a frivolous appeal. Appellant filed a letter with this court stating his attorney, Mr. Mark E. Braswell, has "turned over this case, in which he was representing me, to the San Antonio Bar Association for resolution." Apparently, Mr. Braswell has been recalled to active duty with the U.S. Army. Accordingly, this court again ordered appellant to show cause in writing (1) why this appeal should not be dismissed for lack of jurisdiction and (2) why damages

should not be awarded to appellees based on the filing of a frivolous appeal. Our order informed appellant that no further extensions would be granted and this appeal would be dismissed if appellant failed to timely respond. On October 24, 2008, appellant filed a letter stating this court "cannot expect someone to answer an order as to why Mr. Braswell did or did not file something with the Court. Only the attorney filing can explain."

Appellant's notice of appeal states he is appealing from the trial court's order entitled "Admission as Evidence of the Affidavit of Manfred Arning." This order is not in the clerk's record on appeal, however, the clerk's record contains an order denying appellant's motion for summary judgment. Both orders are interlocutory and neither are the type of interlocutory order over which this court has jurisdiction. Accordingly, appellees' Motion to Dismiss is GRANTED and this appeal is dismissed for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a). Appellees' Motion for Award of Sanctions for Frivolous Appeal is DENIED. However, costs of appeal are taxed against appellant.

PER CURIAM